**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARY FRANCES WAGLEY, JAMES WAGLEY, ANNE WAGLEY AND MARY COPP, AS BENEFICIARIES OF THE MARY PENNEY WAGLEY IRREVOCABLE TRUST AND THE JEAN FRANCES GRAY TRUST, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-CV-00766-N |
| JPMORGAN CHASE BANK, N.A., INDIVIDUALLY, AS TRUSTEE OF THE MARY PENNEY WAGLEY IRREVOCABLE TRUST AND AS TRUSTEE OF THE JEAN FRANCES GRAY TRUST, AND KELLEY ADAMS, INDIVIDUALL, | § § § § § § § | |
| Defendants. | § § | |

---

**APPENDIX IN SUPPORT OF**
**DEFENDANTS' MOTION TO TRANSFER**

---

| Description of Document | Pages |
|---|---|
| **A.  Declaration of Kelly Adams** | 1-2 |
| **Gray Trust Agreement** | 3-13 |
| **B.  Declaration of Jessica B. Pulliam** | 14-15 |
| **Petition for Judicial Settlement of Intermediate Account of Trustee, Resignation of Trustee and Discharge of Trustee filed in Surrogate Court, Monroe County, New York** | 16-18 |
| **Penney Trust Agreement** | 19-28 |
| **Plaintiffs' Appearance in Surrogate Court, Monroe County, New York** | 29-31 |

**Appendix**

CAUSE NO. DC-17-01509

| | | |
|---|---|---|
| MARY FRANCES WAGLEY, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 95th JUDICIAL DISTRICT |
| | § | |
| JPMORGAN CHASE BANK, N.A., ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## EXHIBIT A - DECLARATION OF KELLY T. ADAMS

Kelly T. Adams hereby declares pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code:

1.      I am over eighteen years of age, have never been convicted of a felony, and am of sound mind.  I am employed as a Vice President at JPMorgan Chase Bank, N.A. ("JPMorgan"), a Defendant in the above-captioned case.  I have personal knowledge of the facts contained herein and all these facts are true.

2.      JPMorgan served as Trustee of the Jean Frances Gray Trust ("Gray Trust") referred to in Plaintiffs' First Amended Petition filed in this case.  A true and correct copy of the Gray Trust Agreement that is maintained in JPMorgan's files is attached to this Declaration.

## JURAT

My name is Kelly T. Adams, my date of birth is April 19, 1959, and my address is 2200 Ross Avenue, Floor 5, Dallas, TX, 75201, United States of America.  I declare under penalty of

1

perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 10th day of March, 2017.

_Kelly T. Adams_
Vice President

2

201



AGREEMENT made, executed and delivered in the City of New York on the 9th day of November ,1953, between JAMES C. PENNEY, of the City of White Plains, State of New York (hereinafter called the "Settlor"), and CHEMICAL BANK & TRUST COMPANY (hereinafter called the "Trustee").

WHEREAS, the Settlor proposes to establish a trust upon the terms and conditions following:

The Settlor hereby assigns, transfers and sets over unto the trustee and its successors the property described in "Schedule A" hereto attached and made a part hereof, receipt of which the trustee hereby acknowledges.

TO HAVE AND TO HOLD said property and such additions property as shall be added thereto by the Settlor in accordance with the terms hereof, IN TRUST, NEVERTHELESS, for the following uses and purposes:

To take control and management thereof, and to invest and reinvest and keep the same invested in the manner hereinafter specified, and to receive the income therefrom, and, after paying the reasonable and proper expenses of the trust, to pay and distribute the principal thereof and the income therefrom in the following manner:

FIRST: To pay over the net income derived therefrom to the niece of the Settlor, JEAN FRANCES GRAY, who resides at Wichita, Kansas, during the period of her life annually in equal quarterly installments. Upon the death of JEAN FRANCES GRAY, th

trustee shall transfer, assign and pay over the principal of such trust fund, as follows:

One quarter (1/4) of the principal of such trust fund to ROSWELL K. PENNEY, son of the Settlor;

One quarter (1/4) of the principal of such trust fund to KIMBALL PENNEY, son of the Settlor;

One quarter (1/4) of the principal of such trust fund to MARY FRANCES WAGLEY, daughter of the Settlor; and

One quarter (1/4) of the principal of such trust fund to CAROL PENNEY GUYER, daughter of the Settlor.

If any of the above named children of the Settlor shall not be living at the date of death of the survivor of JEAN FRANCES GRAY, his or her share shall be transferred, assigned and paid over to his or her descendants who are then living, _per stirpes_ and not _per capita_. The term "descendants" shall include adopted children of the above named son or daughter of the Settlor who is not then living. If there shall be no such descendants of such son or daughter of the Settlor then living, then his or her one quarter (1/4) of the principal of such trust fund shall be transferred, assigned and paid over by the trustee to such person or persons, corporation or corporations as he or she shall appoint to receive the same by specific provision in his last will and testament exercising said power (subject to the limitations hereinafter provided). Such right to appoint shall not be exercised by such son or daughter of the Settlor in favor of himself or herself or in favor of his or her estate or in favor of his or her creditors or in favor of the creditors of

his or her estate or in favor of the Settlor or of his estate.

If said son or daughter of the Settlor who shall not then be living shall not specifically exercise such power of appointment as above provided or shall be unable for any reason to do so validly, the trustee shall transfer, assign and pay over his or her share of the principal of such trust consisting of one quarter thereof to the others of the sons and daughters above named of the Settlor who are then living, or, if any of them also be not then living, to his or her descendants then living, such descendants taking by representation the share to which their parent would have been entitled if living. The term "descendants" shall include adopted children of the above named sons and daughters of the Settlor.

If no person shall be living at the date of death of the survivor of JEAN FRANCES GRAY who is entitled to take under the preceding provisions of this paragraph FIRST, the trustee shall transfer, assign and pay over the portion of the principal of the trust consisting of one quarter (1/4) thereof to such persons who under the Decedent's Estate Law of the State of New York, as it then exists, would constitute the distributees of the son or daughter of the Settlor who shall not then be living if he or she had died immediately after the death of the survivor of JEAN FRANCES GRAY and the Settlor had predeceased him or her, it being intended hereby specifically to exclude the Settlor of this trust, who shall in no event be

-3-

entitled to receive any portion of the principal of this
trust.

SECOND: During the lifetime of the Settlor, and
after his death during the lifetime of Caroline A. Penney, wife
of the Settlor, the trustee shall, during the continuance of
this trust, hold as an investment any property coming into its
hands hereunder, although the same may not be of the character
permitted for investment hereunder, or for the investment of
trust funds by the laws of New York, provided, however, that if,
from time to time, there shall be delivered to the trustee a
notice in writing signed by the Settlor, if living, or by Caroline
A. Penney after the death of the Settlor, directing the sale
of any property, real or personal, thereupon the trustee shall
sell the same; and if, from time to time, there shall be
delivered to the trustee a notice in writing signed by the
Settlor during his life or by Caroline A. Penney after his
death, directing the purchase of any property, the trustee,
out of any available funds held hereunder, shall purchase and
hold the same as an investment hereunder, although the same
may not be of the character permitted for investment of trust
funds by the laws of New York, until a subsequent notice of sale,
as aforesaid, shall be delivered to the trustee.  The trustee shall
not be responsible or liable in any way for any loss or depreciation
by reason of the sale, purchase and/or retention of any property
so sold, purchased and/or held, and the trustee shall have no duty,
implied or otherwise, to advise in respect of any property held

-4-

hereunder.  The trustee shall not be liable for failure to com-
ply with any such directions to sell or purchase property pro-
viding it shall have made reasonable effort so to do.

The trustee shall have the right to assume that the
Settlor and/or Caroline A. Penney are living until it receives
notice in writing of their respective deaths.

THIRD:  Subsequent to the death of the survivor of the
Settlor and of Caroline A. Penney, the trustee shall have sole
power, in its uncontrolled discretion, to hold as an investment
of any trust held, or fund administered hereunder, any property,
real or personal, belonging to any such trust or fund, in the same
form of investment as that in which it shall have been at the time
of the death of the survivor of the Settlor and Caroline A. Penney,
although the same may not be of the character permitted for in-
vestment hereunder, or the investment of trust funds by the laws
of New York, and, in addition, the trustee shall have the sole
power, in its uncontrolled discretion, from time to time, to sell
any such property, and to invest and reinvest the proceed thereof,
and in making such investments and reinvestments the trustee shall
not be limited to securities or other property of the character
permitted for the investment of trust funds by the laws of the
State of New York, but shall have the power to invest in such
stocks, common or preferred, bonds and/or such other securities
and other property as it may, in its discretion, select.

FOURTH:  The trustee shall have the following powers
and authority, subject to the provision, however, of paragraph
SECOND hereof:

A.  The trustee shall have power, in its un-
controlled discretion, to vote in person or by proxy
all stock held by it;  anything herein to the contrary
notwithstanding, to acquire and retain as a proper in-

lien on which shall secure any investment held or ad-
ministered hereunder; as owner of any investment held
or administered hereunder, to assent to any action or
nonaction, or to enter into or consent to any reor-
ganization, lease or sale, and to pay out of any trust
held, or fund administered, hereunder, to any committee,
representative, agent or depositary, any assessments,
expenses, contributions and sums of money in connection
therewith; to exchange the securities or property held
by it for other securities or property issued in connec-
tion with such arrangement, and to accept and retain
as a proper investment hereunder such other securities
or property so received, anything herein to the con-
trary notwithstanding; and generally, to exercise, in
respect of all securities or property held or admin-
istered by it, all the same rights and powers as are
or may be lawfully exercised by persons owning similar
property in their own right.

B.  All ordinary dividends, whether payable in cash
or stock of the corporation authorizing and declaring the
same or in the stock of another corporation or in any othe
property, shall be considered income and not principal.
All extraordinary dividends payable in the stock of the
corporation authorizing and declaring the same and all
liquidating dividends shall be considered principal.  All
other extraordinary dividends including those received
from corporations whether or not engaged in exploitation
of so-called "wasting assets" shall be considered income.
The determination of the trustee as to whether any dividen
is a liquidating dividend or is ordinary or extraordinary
shall be conclusive and binding upon all persons now or

hereafter interested in the trust estate and the trustee shall be fully protected in distributing as part of the income of the trust estate any and all dividends which the trustee determines to be ordinary. Any such determination may be made by the trustee irrespective of whether the dividend in question shall be in fact principal or income; provided, however, that nothing in this paragraph contained shall be deemed to authorize the trustee to retain any dividend or any portion thereof in so far as such retention would result in an illegal accumulation of income.

C. The trustee shall have power, in any case in which it is required, under the provisions hereof, to divide any property held by it hereunder into shares, or to distribute the same, to make such division or distribution in kind or in money, or partly in kind and partly in money, and to that end to allot specific securities or property, real or personal, or an undivided interest therein, to any share or part, and for the purpose of such allotment, the judgment of the trustee concerning the propriety thereof, and the relative value, for the purpose of distribution, of the securities and property so allotted, shall be binding and conclusive upon all persons interested hereunder.

D. The trustee may receive and hold as a proper investment hereunder, although it may not be of the character permitted for investment hereunder or for the investment of trust funds by the laws of New York, any property transferred, assigned, delivered or bequeathed to it by the Settlor or by any other person, and all such property and the proceeds thereof, shall be held or administered by the trustee subject to the terms of this agreement.

FIFTH:  The trustee shall receive as compensation for its services hereunder fees or commissions in such amounts, to be paid or retained in such manner and at such times, as shall be prescribed from time to time by the laws of the State of New York applicable to a trustee of an express trust.

SIXTH:  The Settlor covenants and agrees to make, execute and deliver, in due form of law, such other and further assignments, conveyances or other instruments as may be necessary to effectuate the purposes hereof.

SEVENTH:  The trustee, by joining in the execution of this instrument, signifies its acceptance of the trust.

EIGHTH:  It is mutually agreed that these presents shall extend to and be obligatory upon the executors, administrators, legal representatives and successors, respectively, of the parties hereto.

NINTH:  If any person entitled to any share of the principal hereunder shall, at the time such person would otherwise be entitled to possession thereof, be an infant, the share of such infant shall be vested in him or her absolutely, but shall remain in the care of the trustee hereunder until such infant arrives at the age of twenty-one years, when the principal of his or her share shall be transferred, conveyed and paid over to him or her, and the income therefrom shall be meanwhile paid over by the trustee for the maintenance, education, support, physical well-being and/or welfare of such infant during the period of his or her minority.  During the period of minority of any such infant, the trustee shall have the same powers with respect to the investment of property in its possession as are herein conferred upon it in connection with the principal of the trust, and shall receive compensation upon the same basis as provided in paragraph FIFTH.

TENTH:  The trust hereinabove created is intended to be and is irrevocable.

ELEVENTH:  The validity and effect of the provisions of this agreement shall be determined by the laws of the State of New York, and the trustee shall not be required to account in any court other than one of the courts of this state.

TWELFTH:  This instrument is made in duplicate, each of which is an original, but both taken together shall be deemed one and the same instrument.

IN WITNESS WHEREOF, the Settlor has hereunto set his hand and seal, and the trustee, CHEMICAL BANK & TRUST COMPANY, has caused these presents to be signed by its   TRUST OFFICER and its corporate seal to be hereunto affixed, and attested by a  TRUST OFFICER   as of the day and year first above written.

CHEMICAL BANK & TRUST COMPANY,
as Trustee,

By

Attest:

STATE OF NEW YORK,    )
          : ss.:
COUNTY OF NEW YORK,   )

    On this     day of   *November*     , 1953, before me
personally came JAMES C. PENNEY, to me known and known to me
to be the individual described in and who executed the foregoing
instrument, and he duly acknowledged to me that he executed the
same.

                  Notary Public.

STATE OF NEW YORK,    )
          : ss.:
COUNTY OF NEW YORK,   )

    On this 10th day of *November*     , 1953, before m
came JAMES M. CLARK  ,to me known, who, being by me duly
sworn, did depose and say:  That he resides at *2/2 ...* 
*... , N.Y.*; that he is a TRUST OFFICER  of CHEMICAL
BANK & TRUST COMPANY, the corporation described in and which
executed the foregoing instrument;  that he knows the seal of
said corporation;  that the seal affixed to said instrument is
such corporate seal;  that it was so affixed by order of the
Board of Directors of said corporation, and that he signed his
name thereto by like order.

                  Notary Public.

WILLIAM KNOBLAUCH
NOTARY PUBLIC, State of New York
No. 00 731 715
Qualified in Westchester County
Certificates filed with
New York, Bronx, Kings, Queens & Richmond
County Clerks - New York, Bronx, Kings &
Queens County Registers.
Term expires March 30, 1954

## SCHEDULE A

500 shares of Foremost Dairies, Inc., common capital stock.

CAUSE NO. DC-17-01509

| | | |
|---|---|---|
| MARY FRANCES WAGLEY, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 95th JUDICIAL DISTRICT |
| | § | |
| JPMORGAN CHASE BANK, N.A., ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

### <u>EXHIBIT B - DECLARATION OF JESSICA B. PULLIAM</u>

Jessica B. Pulliam hereby declares pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code:

1.     I am over eighteen years of age, have never been convicted of a felony, and am of sound mind.  I am a partner at Baker Botts L.L.P. and represent JPMorgan Chase Bank, N.A. (JPMorgan) and Kelly Adams in this action.  I have personal knowledge of the facts contained herein and all of these facts are true.

3.     On or about January 13, 2017, JPMorgan filed in Surrogate Court of the State of New York, Monroe County, a Petition for Judicial Settlement of Intermediate Account of Trustee, Resignation of Trustee and Discharge of Trustee in connection with the Penney Trust (New York Action).  A true and correct copy of the Petition filed by JPMorgan in the New York court is attached to this Declaration.  Exhibit A to the Petition in the New York Action is the Trust Agreement for the Mary Penney Wagley Irrevocable Trust (Penney Trust) that is the subject of Plaintiffs' First Amended Petition in this action.

1

4.     On March 8, 2017, Plaintiffs in this action entered an appearance in the New York Action.  Attached to this Declaration is a true and correct copy of the Notice of Appearance filed in the New York Action on behalf of Plaintiffs by New York attorneys Gross Shuman Brizdle :& Gilfillan, P.C., acting as local counsel for Gruber Elrod Johansen Hail Shank LLP, Plaintiffs' counsel in this action.

## JURAT

My name is Jessica B. Pulliam, my date of birth is July 21, 1977, and my address is 2001 Ross Avenue, Dallas, Texas   75201, United States of America.   I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 10th day of March, 2017.


_Jessica B. Pulliam_
Jessica B. Pulliam

2

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

| INTERMEDIATE ACCOUNTING OF JPMORGAN CHASE BANK, N.A., AS TRUSTEE OF TRUST UNDER AGREEMENT OF JAMES C. PENNEY DATED DECEMBER 28, 1934 FOR THE BENEFIT OF MARY FRANCES PENNEY (NKA MARY PENNEY WAGLEY) | **PETITION FOR JUDICIAL SETTLEMENT OF INTERMEDIATE ACCOUNT OF TRUSTEE, RESIGNATION OF TRUSTEE AND DISCHARGE OF TRUSTEE** |
|---|---|
| | File No. |

TO THE SURROGATE'S COURT, COUNTY OF MONROE

It is respectfully alleged:

1. The name, and address of the Petitioner, the type and date of letters issued, if any, and the amount and surety of Petitioner's bond, if any, are as follows:

| Name | | | | |
|---|---|---|---|---|
| JPMorgan Chase Bank, N.A. | | | | |
| Address: Street and Number | | | | |
| One Chase Square | | | | |
| City, Village or Town | State | Zip Code | Country | |
| Rochester | New York | 14643 | United States | |
| County | | Telephone Number | | |
| | | | | |
| Mailing Address | | | | |
| | | | | |
| City, Village or Town | State | Zip Code | Country | |
| | | | | |
| Type of Letters Issued | | | Date Letters Issued | |
| | | | | |
| Amount of Bond | | Name of Surety | | |
| | | | | |

2. The Petitioner presents and renders herewith a verified intermediate account of the Petitioner's proceedings in this trust, for the period February 12, 1971 to January 5, 2017 showing the gross value of assets, including principal and income, to be the sum of $5,113,737.99.

3. James C. Penney created a Trust Under Agreement dated December 28, 1934, for the benefit of Mary Frances Penney (nka Mary Penney Wagley) with Chemical Bank as original Trustee. JPMorgan Chase Bank N.A. became Trustee due to several mergers and a name change. A copy of the Trust Agreement is attached as Exhibit "A".

4. The intermediate account of Chemical Bank as Trustee for the period from May 28, 1948 to February 12, 1971 was informally settled and releases were obtained from the beneficiaries.

5. The Petitioner now seeks to resign as Trustee, at the beneficiaries' request, and judicially settle its account. No Successor Trustee has been identified by the Petitioner nor, upon information and belief, by the beneficiaries. The Petitioner requests that the Court appoint an appropriate Successor Trustee.

6. The Petitioner previously informed the interested parties set forth below in paragraph 7 of its intent to resign and seek settlement of its account.

7. The names and post-office addresses of all persons and parties interested in this proceeding who are required to be cited under the provisions of Surrogate's Court Procedure Act, § 2210, or otherwise, or

{4702978: }

-1-

concerning whom or which the Court is required to have information, are set forth in subdivision (a) or (b):

(a) All persons and parties so interested herein who are of full age and sound mind, or which are corporations or associations, are as follows:

| Name | Nature of Interest | Post Office Address<br>City, Village or Town, State, ZIP, Country |
|---|---|---|
| Mary Penney Wagley | Income Beneficiary | 13801 York Road, Apt. K6<br>Cockeysville, Maryland  21030-1874<br>United States |
| Annie P. Wagley | Remainder Beneficiary | 127 Alvarado Road<br>Berkeley, CA  94705<br>United States |
| Mary W. Copp | Remainder Beneficiary | 12 Keene Street<br>Providence, RI  02906<br>United States |
| Jay Wagley | Remainder Beneficiary | 2100 McKinney Ave Ste 700<br>Dallas, TX  75201-6909<br>United States |

(b) All persons so interested herein who are infants or incompetent or persons believed to be mentally incapable to adequately protect their rights, or persons whose existence, identity, or whereabouts are unknown (including persons who are virtually represented under SCPA Section 315) are as follows:

[X] None

8. There are no persons interested in this proceeding other than those above mentioned.

9. No prior application has been made to this or any other court for the relief requested in this Petition.

WHEREFORE the Petitioner prays that the Intermediate Account be judicially settled, and that process be issued to all necessary parties who have not appeared to show cause why the relief requested should not be granted; and that an Order be granted judicially settling the account, approving the Petitioner's resignation as Trustee and discharging the Petitioner from any liability as Successor Trustee of the trust.

Dated: _January 13_ , 2017

JPMorgan Chase Bank, N.A.
Name of Corporate Petitioner

By _Kelly T. Adams_
Signature

Kelly T. Adams
Print Name

Vice-President
Title

{4702978: }

-2-

## VERIFICATION

*For use when a petitioner is a bank or trust company*

STATE OF TEXAS
COUNTY OF DALLAS

ss.:

I, the undersigned, Kelly T. Adams of JPMorgan Chase Bank, N.A. being duly sworn, say:

I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

JPMorgan Chase Bank, N.A.
_____
Name of Bank or Trust Company

By    _____
          Signature

Kelly T. Adams
_____
Print Name

Vice-President
_____
Title

Sworn to before me this *13th* day of
*January*                , 2017

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

DAVID ALAN LUCCOUS
Notary Public, State of Texas
Comm. Expires 02-10-2019
Notary ID 12851621-1

_____
Signature of Attorney

Woods Oviatt Gilman LLP
_____
Firm

Robert W. Kessler
_____
Attorney Name

585.987.2849
_____
Telephone

700 Crossroads Building, 2 State Street, Rochester, NY  14614
_____
Address

{4702978: }

-3-

# EXHIBIT A

OFFICERS COPY

AGREEMENT made, executed and delivered in the City of New York, the 28th day of December, 1934, between JAMES C. PENNEY, of the City of White Plains, State of New York, (hereinafter called the "Settlor") and CHEMICAL BANK & TRUST COMPANY (hereinafter called the "Trustee");

WHEREAS, the Settlor proposes to establish a trust upon the terms and conditions following:

NOW, THEREFORE, THIS AGREEMENT WITNESSETH:

The Settlor hereby assigns, transfers and sets over unto the Trustee and its successors the property described in "Schedule A" hereto attached and made a part hereof, receipt of which the Trustee hereby acknowledges,

TO HAVE AND TO HOLD said property and such additional property as shall be added thereto in accordance with the terms hereof, IN TRUST NEVERTHELESS for the following uses and purposes:

To take control and management thereof, and to invest and reinvest and keep the same invested in the manner hereinafter specified, and to receive the income therefrom, and, after paying the reasonable and proper expenses of the trust, to pay and distribute the principal thereof and the income therefrom in the following manner:

FIRST: To apply the net income derived therefrom to the use and benefit of MARY FRANCES PENNEY, daughter of the Settlor, in the following manner:

During the minority of Mary Frances Penney, the Trustee shall apply to her use only so much of the net income as the Trustee in its discretion shall deem proper for her support, maintenance, education, physical well-being and/or welfare, and shall accumulate for the benefit of Mary Frances Penney any surplus income remaining after such payment or application. Application of income to the use of Mary Frances Penney during the period of her minority, as herein provided, may be made either directly or by payment thereof to the guardian of such minor, or to the person with whom such minor may reside, and the receipt of such guardian or person above named for all payments so made shall be a full discharge to the Trustee for all such payments.

When the said Mary Frances Penney attains the age of twenty-one years, the Trustee shall pay over to her all income so accumulated during the period of her minority, and shall thereafter pay over the entire net income to Mary Frances Penney annually, in instalments con-

veniant to her, during the period of her life. Upon the death of
Mary Frances Penney, the principal and income of said trust fund shall
be disposed of as follows:

1. Upon the death of Mary Frances Penney, the Trustee shall
transfer, assign and deliver the principal of said trust fund, and
accumulated income (if Mary Frances Penney dies before attaining the
age of twenty-one years), to the descendants of Mary Frances Penney who
are then living, per stirpes and not per capita, absolutely and forever.

2. In connection with the disposition of the principal of
the trust provided for in the above sub-paragraph 1, anything herein to
the contrary notwithstanding, the Settlor directs as follows:

If Mary Frances Penney shall, at the date of her death, have
a child or children who has or have been legally adopted by her, the said
Mary Frances Penney shall have the right to appoint her adopted child
or children, or any one of them, by her last will and testament to receive
a portion of the principal of said trust upon the death of Mary Frances
Penney, such portion, however, not to exceed the proportion which said
adopted child or children would have received had he, she or they been
a child or children born to Mary Frances Penney.

*Power of*
*Appointment*

3. If there are no descendants of the said Mary Frances Penney
living at the time provided in sub-paragraph 1 for the remainder of said
trust to fall in, and/or there shall be either no adopted child or
children of Mary Frances Penney then living, or if there be such adopted
child or children, Mary Frances Penney shall have failed to exercise the
power of appointment, or shall have only designated said adopted child
or children to receive a portion of the principal of this trust, and there
are no descendants of Mary Frances Penney then living entitled to re-
ceive the balance of the principal, then the Settlor directs that upon
the death of Mary Frances Penney, the Trustee shall transfer, assign,
and deliver the principal of said trust, or the balance of the principal of said trust,/as to which the power of
appointment is not exercised, as the case may be, together with any
income accumulated during the minority of MARY FRANCES PENNEY, ab-
solutely and forever, as follows:

(a) It shall be divided between CAROLINE A. PENNEY, the
wife of the Settlor, (if she be then living) and the children
of the Settlor then surviving, and the descendants then sur-

-2-

 

viving of the deceased children of the Settlor, such descendants, however, to take by representation only the share to which their parent would have been entitled if living. In all cases under this sub-paragraph "(a)", the term "descendants" shall be construed so as to include any adopted child or children of the deceased children of the Settlor.

(b) If there be not living at the date of death of MARY FRANCES PENNEY any person entitled to take under this sub-paragraph "5", the Trustee shall transfer, assign, and pay over the principal of this trust, together with any undistributed income accumulated during minority, to such persons as shall at that time constitute the distributees of MARY FRANCES PENNEY under the Decedent's Estate Law of the State of New York as it then exists in the proportion therein provided.

SECOND: During the lifetime of the Settlor, the Trustee shall hold as an investment any property coming into its hands hereunder, although the same may not be of the character permitted for investment hereunder, or for the investment of trust funds by the laws of New York, provided, however, that if, from time to time, there shall be delivered to the Trustee a notice in writing signed by the Settlor, directing the sale of any property, real or personal, thereupon the Trustee shall sell the same; and if, from time to time, there shall be delivered to the Trustee a notice in writing signed by the Settlor, directing the purchase of any property, the Trustee, out of any funds held hereunder, whether principal or accumulated income, shall purchase and hold the same as an investment hereunder, although the same may not be of the character permitted for investment of trust funds by the laws of New York, until a subsequent notice of sale, as aforesaid, shall be delivered to the Trustee. The Trustee shall not be responsible or liable in any way for any loss or depreciation by reason of the sale, purchase and/or retention of any property so sold, purchased and/or held, and the Trustee shall have no duty, implied or otherwise, to advise in respect of any property held hereunder. The Trustee shall furnish such proxies in respect of any shares of stock at any time forming a portion of this fund as directed by the Settlor.

-5-

 

**THIRD:** Subsequent to the death of the Settlor, the Trustee shall have sole power, in its uncontrolled discretion, to hold as an investment of any trust held, or fund administered, hereunder, any property, real or personal, belonging to any such trust or fund, in the same form of investment as that in which it shall have been at the time of the death of the Settlor, although the same may not be of the character permitted for investment hereunder, or for the investment of trust funds by the laws of New York, and in addition, the Trustee shall have sole power in its uncontrolled discretion, from time to time, to sell any such property, and to invest and reinvest the proceeds thereof, and in making such investments and reinvestments, the Trustee shall not be limited to securities of the character permitted for the investment of trust funds by the laws of the State of New York, but shall have the power to invest in such stocks, common or preferred, bonds and/or such other securities as it may, in its discretion, select.

**FOURTH:** The Trustee shall have the following powers and authority, subject to the provision, however, of paragraph SECOND hereof:

**A.** The Trustee shall have power, in its uncontrolled discretion to vote in person or by proxy all stock held by it; anything herein to the contrary notwithstanding, to acquire and retain as a proper investment hereunder any property, real or personal, a lien on which shall secure any investment held or administered hereunder, as owner of any investment held or administered her to assent to any action or non-action, or to enter into or consent to any reorganization, lease or sale, and to pay out of any trust held, or fund administered, hereunder, to any committee, representative, agent or depositary, any assessments, expenses, contributions and sums of money in connection therewith; to exchange the securities or property held by it for other securities or property issued in connection with such arrangement, and to accept and retain as a proper investment hereunder such other securities or property so received, anything herein to the contrary notwithstanding; and generally, to exercise, in respect of all securities or property held or administered by it, all the same rights and powers as are or may be lawfully exercised by persons owning similar property in their own right.

B. The Trustee shall not be required to amortize the premium of discount on any bonds purchased, and all extraordinary stock dividends and all realized appreciation in the value of stocks, bonds, securities or other property, resulting from the sale or other disposition thereof, shall be considered principal and not income, but ordinary stock dividends paid regularly by a corporation in lieu of, or in addition to, regular cash dividends shall be considered income and not principal, provided, however, that the Trustee's determination as to whether any stock dividend is ordinary or extraordinary, and its determination as to whether any stock dividend should be apportioned or set aside in whole or in part to principal or income, shall be conclusive and binding upon all persons now or hereafter interested in the trust estate. Cash dividends (other than liquidating dividends), ordinary or extraordinary, shall be considered as income, and be applied accordingly.

C. The Trustee shall have power, in any case in which it is required, under the provisions hereof, to divide any property held by it hereunder into shares, or to distribute the same, to make such division or distribution in kind or in money, or partly in kind and partly in money, and to that end to allot specific securities or property, real or personal, or an undivided interest therein, to any share or part, and for the purpose of such allotment, the judgment of the Trustee concerning the propriety thereof, and the relative value, for the purpose of distribution, of the securities and property so allotted, shall be binding and conclusive upon all persons interested hereunder.

D. The Trustee may, in its discretion, advise with counsel, who may be counsel for any person interested hereunder, and shall not be liable for any action in good faith taken, or omitted to be taken, in accordance with the opinion of such counsel.

E. Any and all income, including dividends declared but unpaid, received by the Trustee, which shall have accrued on securities or property at the time of the delivery thereof to the Trustee hereunder, whether such delivery be made at the time of the execution of this Agreement or at some future date, shall be treated as income, and distributed accordingly.

F. The Trustee may receive and hold as a proper investment hereunder, although it may not be of the character permitted for investment

-5-



hereunder or for the investment of trust funds by the laws of New York, any property transferred, assigned, delivered or bequeathed to it, or may receive for custody hereunder any insurance policies made payable to it, by the Settlor or by any other person, and all such property and policies, and the proceeds thereof, shall be held or administered by the Trustee subject to the terms of this Agreement.

FIFTH: The Trustee shall not be liable or accountable to any person interested hereunder for the making of any payment or payments to any beneficiary, after the happening of any contingency which, according to the provisions hereof, shall have terminated the right of such beneficiary to receive such payment or payments, unless theretofore the Trustee shall have received notice in writing of the happening of such contingency.

SIXTH: The Trustee, in addition to its lawful expenses and disbursements, shall be entitled to receive as compensation for its services hereunder commissions on principal and the income of the trust fund as follows:

For receiving and paying out principal commissions at the rates now existing allowed to a sole testamentary trustee by the laws of the State of New York, except that if the trust estate shall amount to more than $250,000.00, the rate shall be as follows:

2% on amounts up to and including --------------$250,000.00
1½% on the next ------------------------------------ 250,000.00
1½% on amounts in excess of ------------------------ 500,000.00

One-half (½) of the commissions on principal may be deducted at the time of the death of the Settlor, James C. Penney, or at any time thereafter if additions be made to the principal of the trust, and the balance of such commissions shall not be deducted until the principal is paid over or distributed by the Trustee.

For receiving and paying out income in each year, commissions at the rate allowed to a sole testamentary trustee by the laws of the State of New York, which commissions shall be deducted annually.

SEVENTH: The Settlor covenants and agrees to make, execute and deliv in due form of law, such other and further assignments, conveyances or other instruments as may be necessary to effectuate the purposes hereof.

EIGHTH: The Trustee, by joining in the execution of this instrument, signifies its acceptance of the trust.

NINTH: It is mutually agreed that these presents shall extend to and be obligatory upon the executors, administrators, legal representatives and successors, respectively, of the parties hereto.

-6-



TENTH: If any person entitled to any share of the principal hereunder shall, at the time such person would otherwise be entitled to possession thereof, be an infant, the share of such infant shall be vested in him or her absolutely, but shall remain in the care of the Trustee hereunder until such infant arrives at the age of twenty-one years, when the principal of his or her share shall be transferred, conveyed and paid over to him or her, and the income therefrom shall be meanwhile paid over by the Trustee for the maintenance, education, support, physical well-being and/or welfare of such infant during the period of his or her minority.

ELEVENTH: The validity and effect of the provisions of this Agreement shall be determined by the laws of the State of New York, and the Trustee shall not be required to account in any court other than one of the courts of that state.

TWELFTH: This instrument is made in duplicate, each of which is an original, but both taken together shall be deemed one and the same instrument.

IN WITNESS WHEREOF, the Settlor has hereunto set his hand and seal, and the Trustee, CHEMICAL BANK & TRUST COMPANY, has caused these presents to be signed by one of its Vice-Presidents, and its corporate seal to be hereunto affixed, and attested by an Assistant Trust Officer, as of the day and year first above written.

JAMES C. PENNEY (L.S.)
Settlor.

CHEMICAL BANK & TRUST COMPANY,
As Trustee,

By: BARRET MONTFORT
Vice-President.

ATTEST:

CARLETON L. MARSH
Assistant Trust Officer.

-7-

STATE OF NEW YORK     )
                      :SS.:
COUNTY OF WESTCHESTER)

On this 28th day of December, 1954, before me personally came JAMES C. PENNEY, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

HOWARD I. MOORE
Notary Public.

Com. expires 3/30/55

STATE OF NEW YORK     )
                      : SS.:
COUNTY OF NEW YORK    )

On this 29th day of December, 1954, before me came BARRET MONTFORT to me known, who, being by me duly sworn, did depose and say:  that he resides in NEW YORK, N.Y.; that he is a Vice-President of CHEMICAL BANK & TRUST COMPANY, the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

E. C. WILLIAMS
Notary Public.

E.C.WILLIAMS
Notary Public, New York County
New York Co. Clerk's No. 226, Register's No. 6-W-305

Commission expires 3/30/56

SCHEDULE A

1,000 shares J. C. PENNEY COMPANY Common Stock, together with dividend on said shares declared December 4, 1934, payable December 31, 1934, amounting to $2,500.00.

# GrossShuman
### Brizdle & Gilfillan, P.C.
##### ATTORNEYS AT LAW

David H. Alexander*
Robert J. Feldman
Leslie Mark Greenbaum
Jeffrey A. Human
Hugh C. Carlin
Howard B. Cohen
John K. Rottaris
John F. Leone
Jonathan D. Schechter
David H. Elibol
Harry J. Forrest
Janet G. Burhyte
Thomas M. Gordon
Trevor M. Torcello
Katherine M. Liebner
Sarah P. Rera
Nicholas J. Ingrassia
Kevin R. Lelonek

*NY & FLA BAR

Email: jrottaris@gross-shuman.com
716.854.4300 x 206

Peter S. Gilfillan
(1945 - 2009)

Irving M. Shuman
(1932 - 2012)

March 8, 2017

Gordon R. Gross
Joel H. Paull
Of Counsel

**VIA HAND DELIVERY**
WOODS OVIATT GILMAN LLP
Attn:  Robert W. Kessler, Esq.
700 Crossroads Building
2 State Street
Rochester, NY 14614

Re:    Intermediate Accounting of JPMorgan Chase Bank, N.A., as Trustee of Trust Under Agreement
of James C. Penney Dated December 28, 1934 for the Benefit of Mary Frances Penney (nka
Mary Penney Wagley) Monroe County Surrogate's Court File No. 2017-157

Dear Mr. Kessler:

Enclosed please find a copy of the Notice of Appearance on behalf of our firm as local counsel to
Gruber Elrod Johansen Hail Shank LLP in the above matter on behalf of the beneficiaries of the above-
referenced Trust.

Thank you for your cooperation.

Very truly yours,

John K. Rottaris

JKR/jll
Enclosures
cc:    Michael J. Lang, Esq.

Doc #541759.1

465 Main Street
Suite 600
Buffalo, New York 14203-1787
716.854.4300
866.893.2003
Fax: 716.854.2787

1100 Burloak Drive, Suite 300
Burlington, Ontario,
Canada L7L 6B2
416.221.5600
905.336.8957
Fax: 905.332.3007

Not for Mail or Service of Papers.
By Appointment Only:
5500 Main Street
Suite 308A
Williamsville, New York 14221

www.gross-shuman.com

STATE OF NEW YORK
SURROGATE'S COURT   :   COUNTY OF MONROE

---

INTERMEDIATE ACCOUNTING OF JP
MORGAN CHASE BANK, N.A., AS TRUSTEE
OF TRUST UNDER AGREEMENT OF JAMES C.          **NOTICE OF APPEARANCE**
PENNEY DATED DECEMBER 28, 1934 FOR
THE BENEFIT OF MARY FRANCES PENNEY           Index No. 2017-157
(NKA MARY PENNEY WAGLEY)

---

    **PLEASE TAKE NOTICE** that Gross Shuman Brizdle & Gilfillan, P.C., John K. Rottaris, Esq. and Katherine M. Liebner, Esq., of counsel, as local counsel to Gruber, Elrod Johansen, Hail Shank, LLP has been retained by and appears for MARY PENNEY WAGLEY, person interested in the above entitled proceeding as an Income Beneficiary and ANNE P. WAGLEY, MARY W. COPP, and JAMES WAGLEY, persons interested in the above entitled proceeding as Remainder Beneficiaries, and demand that all notices and papers be served upon the undersigned at the address given below.

Dated:      Buffalo, New York
            March 9, 2017

                                          GROSS, SHUMAN, BRIZDLE &
                                             GILFILLAN, P.C.

                                           By: _____
                                               John K. Rottaris, Esq.
                                             Katherine M. Liebner, Esq.
                                         *Attorneys for Mary Penney Wagley, Anne P.*
                                         *Wagley, Mary W. Copp and James Wagley*
                                         Office and P.O. Address
                                         465 Main Street, Suite 600
                                         Buffalo, New York   14203
                                         Tel: (716) 854-4300

                                         GRUBER, ELROD JOHANSEN
                                         HAIL SHANK, LLP
                                         G. Michael Gruber, Esq.
                                         Michael J. Lang, Esq.
                                         Alexandra J. Lamb, Esq.
                                         Machir Stull, Esq.
                                         1445 Ross Avenue, Suite 2500
                                         Dallas, Texas 75202-2711
                                       Phone No.:  (214) 855-6800

TO:    Surrogate's Court of the County of Monroe
99 Exchange Boulevard
Hall of Justice
5th Floor, Room 541
Rochester, NY 14614
Phone:  (585) 371-3310

WOODS OVIATT GILMAN LLP
Robert W. Kessler, Esq.
700 Crossroads Building
2 State Street
Rochester, NY 14614
Phone No. (585) 987-2800

Doc #541754.1

- 2 -