UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY FRANCES WAGLEY, JAMES WAGLEY, ANNE WAGLEY AND MARY COPP, AS BENEFICIARIES OF THE MARY PENNEY WAGLEY IRREVOCABLE TRUST AND THE JEAN FRANCES GRAY TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., INDIVIDUALLY, AS TRUSTEE OF THE MARY PENNEY WAGLEY IRREVOCABLE TRUST AND AS TRUSTEE OF THE JEAN FRANCES GRAY TRUST, AND KELLY ADAMS, INDIVIDUALLY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:17-cv-766 |

## JOINT STATUS REPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the Court's March 17, 2017 Order Requiring Status and Scheduling Conference, Plaintiffs Mary Frances Wagley ("Mary Frances"), James Wagley ("Wagley"), Anne Wagley ("Anne") and Mary Copp ("Copp"), as beneficiaries of the Mary Penney Wagley Irrevocable Trust (the "Penney Trust") and of the Jean Frances Gray Trust (the "Gray Trust") (collectively, "Plaintiffs"), and Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Kelly Adams ("Adams") (collectively, "Defendants") hereby file this Joint Status Report as follows:

### PART 1

**I.     NATURE OF THE CASE**

A.     **Plaintiffs' Statement**

On February 13, 2017, Plaintiffs (the beneficiaries of the Penney Trust) filed claims against JPMorgan (the trustee of the Penney Trust) for breach of fiduciary duty, as well as claims against Adams (the Trust Officer for the Penney Trust) for aiding and abetting JPMorgan's breach of fiduciary duty in State Court (the "State Court Action"). In the State Court Action, Plaintiffs alleged that JPMorgan breached its duty to disclose, duty to act as a reasonably prudent investor and its duty of loyalty.

Plaintiffs alleged that JPMorgan accomplished these breaches by, among other things, engaging in self-interested, undisclosed transactions and investments; refusing to provide Plaintiffs with the material information Plaintiffs requested concerning the Penney Trust and JPMorgan's actions as Trustee; and misrepresenting both the compensation JPMorgan received as trustee and that JPMorgan was investing the assets of the Penney Trust in a manner consistent with Plaintiffs' stated growth objectives.

With regard to Adams, Plaintiffs alleged that Adams aided and abetted JPMorgan's breach of its duty of disclosure by, among other things, refusing to provide Plaintiffs with the material information Plaintiffs requested concerning the Penney Trust; misrepresenting the amount and source of fees and compensation that JPMorgan received in its role as Trustee of the Penney Trust; concealing at least $188,245.72 in undisclosed fees; and failing to disclose that JPMorgan was not investing assets of the Penney Trust in a manner consistent with Plaintiffs' stated growth objectives.

Plaintiffs first leveled such allegations against Defendants in the fall of 2016, when Plaintiffs began making formal demands for information from JPMorgan, as well as multiple requests for meetings with JPMorgan to discuss resolving the dispute outside of litigation.

However, Plaintiffs also communicated their intent to sue should JPMorgan continue breaching its duty of full disclosure. During that time, JPMorgan indicated that it was still willing to meet with Plaintiffs to discuss a resolution of the matter outside of litigation. Relying on these representations, Plaintiffs did not file a lawsuit but, instead, waited for JPMorgan to both provide the information it had promised and set up a meeting with Plaintiffs to discuss. However, instead of setting up a meeting, JPMorgan, without warning, filed a surprise petition in New York to judicially settle its accounting of the Penney Trust, resign as trustee of the Penney Trust and be released from all liability as a result of its actions as trustee of the Penney Trust (the "NY Action"). The case is presently before this Court as a result of Defendants' Notice of Removal, which they filed on March 16, 2017 [Dkt. 1]. Moreover, while Defendants contend that the Penney Trust contains a forum selection clause that mandates New York as the exclusive forum for asserting any and all claims against JPMorgan in its capacity as trustee (and have filed a motion to transfer to that effect): (1) JPMorgan moved the administration of the Penney Trust from New York to Dallas, Texas in 2009, where it has been administered by JPMorgan's Dallas office ever since; and (2) the applicable provision in the Penney Trust agreement is explicitly limited to JPMorgan's duty to account and does not prohibit Plaintiffs from bringing actions against Defendants in Texas for the torts that Defendants committed against Plaintiffs in Texas.

**B.     Defendants' Statement**

This case involves two New York trusts, both governed by New York law and providing for exclusive jurisdiction in New York. One of the trusts, the Gray Trust, was judicially settled in New York in 2014 on consent, and JPMorgan has filed for judicial settlement of the other trust, the Penney Trust. JPMorgan contends that it did not breach its obligations to either trust or their beneficiaries, and further contends that Plaintiffs only named Ms. Adams as a defendant in

their Amended Petition to try and avoid federal diversity jurisdiction. Both trusts contain forum-selection clauses mandating New York as the exclusive forum for asserting claims against the Trustee, JPMorgan. Accordingly, pending before the Court is Defendants' Motion to Transfer pursuant to 28 U.S.C. §1404(a) ("Motion to Transfer"). [Dkt. 7]

With respect to Plaintiffs' claims for an accounting of the Gray Trust, JPMorgan contends that the sole beneficiary of the Gray Trust, Mary Frances Wagley, in late 2014 in connection with the liquidation and final settlement of that trust, executed a waiver of her right to an accounting and a release of all claims against JPMorgan acting as Trustee or in an individual capacity for actions as Trustee of the Gray Trust.

With respect to Plaintiffs' claims for breach of fiduciary duty in connection with the Penney Trust, JPMorgan denies the allegations and contends that it fulfilled its fiduciary obligations as the Trustee of the Penney Trust.

Defendant Adams denies the allegations and contends that Plaintiffs have failed to state a claim against her for aiding and abetting breach of fiduciary duty in connection with the Penney Trust because at all times she was acting within the scope of her duties as an employee/Trust Officer of JPMorgan and not for her own personal benefit apart from the benefit to JPMorgan.

## II. SETTLEMENT DISCUSSIONS

### A. Plaintiffs' Statement

On June 9, 2016, the Parties met without representation to discuss a potential settlement of the dispute. On June 30, 2016, JPMorgan rejected Plaintiffs' proposed settlement figure.

On September 1, 2016, after retaining counsel, Plaintiffs sent a formal demand for information to JPMorgan and requested a meeting with JPM to discuss a resolution of the dispute outside of litigation. On November 1, 2011, JPMorgan responded and asked Plaintiffs to contact

counsel for JPMorgan if they still desired a meeting after reviewing JPMorgan's response. On December 7, 2016, Plaintiffs replied to JPMorgan, clarified and reiterated various requests for information and told JPMorgan that Plaintiffs were still interested in meeting with JPMorgan to discuss a resolution of the dispute outside of litigation. JPMorgan never responded to Plaintiffs' December 7, 2016 correspondence and, to date, JPMorgan has refused to provide requested information. The parties have not engaged in any settlement negotiations since JPMorgan filed the NY Action in January 2017.

**B.  Defendants' Statement**

After multiple attempts to address Plaintiffs' questions and resolve the dispute in 2015 and 2016 (including at least five lengthy in-person or phone conferences), the parties reached an impasse. As discussed below, additional discussions may be appropriate after the Court resolves the initial issues in this case with respect to jurisdiction and venue.

### III.  JOINDER OF ADDITIONAL PARTIES

The Parties have conferred and do not anticipate the joinder of any additional parties at this time.

### IV.  CHALLENGES TO JURISDICTION OR VENUE

**Challenge to Jurisdiction:** Plaintiffs object to this Court's subject matter jurisdiction over this lawsuit and have filed a Motion to Remand [Dkt. 9], which is currently pending before the Court.[1] Defendants removed this case from the 95th Judicial District Court of Dallas County, Texas on the basis that Plaintiffs had improperly joined Adams (the non-diverse Defendant). [Dkt. 1]. However, Plaintiffs have sued Adams, the Trust Officer of the Penney Trust, for aiding and abetting JPMorgan's breaches of fiduciary duty based on numerous allegations that Adams, personally, made express misrepresentations and failed to disclose material information to

---

[1] Plaintiffs' Motion to Remand was filed March 29, 2017.

Plaintiffs. Plaintiffs' participation in this Joint Status Report is subject to their Motion to Remand, without waiving their objections to jurisdiction and pursuant to the Court's March 17, 2017 Order.

**Challenge to Venue:** As described in Defendants' Notice of Removal [Dkt. 1], non-diverse Defendant, Adams, was improperly joined and, as a result, there is federal diversity jurisdiction over the claims in this case.

Defendants have filed a Motion to Transfer [Dkt. 7] pursuant to 28 U.S.C. §1404(a) based on forum-selection clauses in the governing agreements for the Penney Trust and Gray Trust that are the subject of this action. Those agreements mandate that exclusive jurisdiction of this action resides in New York. Accordingly, Defendants moved to transfer this action to the United States District Court for the Western District of New York. [Dkt. 7] Defendants' participation in this Joint Status Report is subject to their Motion to Transfer and without waiver of their objections to venue.

## V. TRIAL

The Parties have conferred and agree that a determination of when the case will be ready for trial and the estimated length of trial cannot be made until after the Court determines: (1) whether it has jurisdiction (*i.e.*, Plaintiffs' Motion to Remand [Dkt. 9]); and (2) if it has jurisdiction, whether the case should be transferred (*i.e.*, Defendants' Motion to Transfer [Dkt. 7]).

## VI. ALTERNATIVE DISPUTE RESOLUTION

The Parties have conferred and are open to participating in ADR after: (1) the above-described jurisdiction and venue issues are resolved; and (2) an appropriate amount of discovery has taken place.

## VII.   OBJECTIONS TO RULE 26(a)(1) DISCLOSURE

The Parties have conferred and jointly object to providing initial disclosures under Rule 26(a)(1) prior to the resolution of the above-described jurisdiction and venue issues currently pending before this Court.

## PART 2

## I.   CHANGES TO DISCLOSURES UNDER RULE 26(a)

The Parties request the Court modify the time for Rule 26(a)(1) disclosures pursuant to Rule 16(b)(3)(B)(i) to 30 days after the resolution of the above-described jurisdiction and venue issues currently pending before this Court.

## II. DISCOVERY

The Parties agree that they will be in a better position to address discovery issues once this Court decides Plaintiffs' Motion for Remand [Dkt. 9] and, if applicable, Defendants' Motion to Transfer. [Dkt. 7]

**A.  Plaintiffs' Statement**

Plaintiffs disagree with Defendants' improper attempt to preemptively limit the scope of discovery and avoid the discovery of relevant evidence related to Plaintiffs' allegations that JPMorgan, as Plaintiffs' trustee, had a systemic policy of undisclosed self-dealing. Specifically, in response to Defendants' statement in Section II(B) below, Plaintiffs contend that:

- discovery on the Gray Trust is proper because the waiver that Defendants rely upon was itself a self-dealing transaction that JPMorgan entered with Mary Frances (*i.e.*, a transaction in which JPMorgan secured a full release of liability from a beneficiary without full disclosure) and is therefore void;

- discovery on Plaintiffs' claim for aiding and abetting against Adams is proper because, as set forth in Plaintiffs' Motion to Remand [Dkt. 9], Plaintiffs have alleged that Adams aided and abetted JPMorgan's breach of fiduciary duty by misrepresenting material facts and refusing to disclose material information that Plaintiffs requested concerning the Penney Trust, including fees JPMorgan charged and JPMorgan's investment strategy. Moreover, it is well established that whether Adams was acting in the course and scope of her employment is irrelevant to a claim for aiding and abetting breach of fiduciary duty in Texas; and

- discovery with respect to the actions described in the SEC Order is appropriate because, in the SEC Order, JPMorgan's "private bank" (which includes the trust department) admitted to knowingly—and for years—engaging in a systemic method of operating that constituted breaches of fiduciary duty by engaging in the same undisclosed actions that JPMorgan took with respect to the assets of the Penney Trust.

Finally, JPMorgan's failure to disclose material information to Plaintiffs is a primary issue in this lawsuit. Therefore, while Plaintiffs are willing to discuss a reasonable limit to discovery in this case, Plaintiffs are unwilling, at this time, to limit their discovery related to JPMorgan's undisclosed bad acts to 2005 and later.

**B. Defendants' Statement**

Defendants contend that (1) discovery should be focused on the disclosures made to Plaintiffs in which JPMorgan disclosed its fees, investments, and investment strategy for the Penney Trust from 2005 to present; (2) discovery is not appropriate with respect to the claim for accounting of the Gray Trust because judgment on the pleadings is warranted due to the waiver

of accounting and release of all claims against JPMorgan signed by Plaintiff Mary Frances; and (3) discovery is not appropriate with respect to the aiding and abetting claim against Adams because Plaintiffs have failed to state a claim against her, as the First Amended Petition shows that at all times Adams was acting within the scope of her duties as an employee/Trust Officer of JPMorgan and not for her own personal benefit.

### III. ISSUES ABOUT DISCLOSURE, DISCOVERY, OR PRESERVATION OF ESI

None at this time.

### IV. ISSUES ABOUT PRIVILEGE OR TRIAL PREPARATION MATERIALS

The Parties are in agreement that it may be appropriate to modify certain discovery rules, including those relating to the production of privilege logs, and will at the appropriate time request that the Court enter an order accordingly pursuant to Rule 16(b)(3)(B)(iv).

The Parties are also in agreement that an order protecting the confidentiality of certain documents related to sensitive financial and other information exchanged in discovery is appropriate and will endeavor to agree on such an order for submission at the appropriate time.

### V. CHANGES TO DISCOVERY

The Parties agree that they will be in a better position to address discovery issues once this Court decides Plaintiffs' Motion for Remand [Dkt. 9] and, if applicable, Defendants' Motion to Transfer [Dkt. 7].

**A. Plaintiffs' Statement**

Plaintiffs incorporate their statement in Section II(A) above.

**B. Defendants' Statement**

Defendants contend that discovery should be modified pursuant to Rule 16(b)(3)(B)(ii) as follows:

- Discovery with respect to the Gray Trust should be prohibited due to the waiver of accounting and release of JPMorgan by the sole beneficiary, Plaintiff Mary Frances Wagley, in connection with the Gray Trust should be prohibited.

- Discovery regarding the investments in the Penney Trust should be limited at least to the time period from 2005 to present, the time period complained of by Plaintiffs.

- Discovery from JPMorgan with respect to the SEC Order referenced in Plaintiffs' First Amended Petition should be prohibited because such order only applies to certain private banking accounts and does not include trust accounts.

- Discovery relating to the claim for aiding and abetting against Adams should be prohibited because Plaintiffs have failed to state a claim against Adams upon which relief can be granted.

### VI. OTHER ORDERS UNDER RULE 26(C) OR 16(b) AND (c)

None at this time.

Dated: April 14, 2017

Respectfully submitted,

By: */s/ Michael J. Lang*
**MICHAEL GRUBER**
State Bar No. 08555400
mgruber@getrial.com
**MICHAEL LANG**
State Bar No. 24036944
mlang@getrial.com
**MACHIR STULL**
State Bar No. 24070697
mstull@getrial.com
**ALEXANDRA LAMB**
State Bar No. 24091423
alamb@getrial.com

1445 Ross Avenue, Suite 2500
Dallas, TX 75202

      Telephone: 214-855-6800
      Facsimile: 214-855-6808

      ***Attorneys for Plaintiffs***

  -and-

By: */s/ Jessica B. Pulliam*
    **JESSICA B. PULLIAM**
    State Bar No. 24037309
    jessica.pulliam@bakerbotts.com
    **CATHERINE A. BRANDT**
    State Bar No. 02565200
    cathy.brandt@bakerbotts.com

    2001 Ross Avenue, Suite 700
    Dallas, TX 75201
    Telephone: 214-953-6677
    Facsimile: 214-661-4677

    ***Attorneys for Defendants***

## Certificate of Conference

I hereby certify that, on March 29, 2017, counsel for Plaintiffs (Michael Lang), conferred with counsel for Defendants (Jessica Pulliam), regarding every item presented to the Court in this Status Report.

      */s/ Michael J. Lang*
      Michael Lang

## Certificate of Service

I hereby certify that, on April 14, 2017, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system.

      */s/ Michael J. Lang*
      Michael Lang