IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY FRANCES WAGLEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0766-N |
| | § | |
| JPMORGAN CHASE BANK NA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Plaintiffs Mary Frances Wagley, James Wagley, Anne Wagley, and Marry Copp's, as beneficiaries of the Mary Penney Wagley Irrevocable Trust (the "Penney Trust") and as beneficiaries of the Jean Frances Gray Trust (the "Gray Trust") (collectively, "Plaintiffs") motion to remand [9]. Because Plaintiffs properly joined an in-state defendant, the Court grants the motion.

## I. REMOVAL TO FEDERAL COURT

This action arises from Plaintiffs' complaints about Defendants JPMorgan Chase Bank, N.A. ("JPM") and Kelly Adams's (collectively, "Defendants") performance as Trustee and Trust Officer, respectively, of the Penney Trust. Plaintiffs allege that after noticing the Penney Trust was performing poorly and potentially engaged in self-dealing, they repeatedly reached out to JPM. Plaintiffs allege that Adams, in response, misleadingly provided Plaintiffs with a breakdown of account administrative fees, which did not include placement fees and other revenue. Plaintiffs additionally allege that Adams did not disclose

$188,245.72 in additional fees that JPM charged to the Penney Trust. Plaintiffs allege that JPM continued to ignore its duty of disclosure for many months. The parties then met in an attempt to resolve their disputes over fees and alleged self-dealing, but the parties did not reach an agreement. Plaintiffs sent a demand letter to JPM formally requesting disclosure of fees or benefits received by JPM, an accounting of all self-interested investments that JPM made, and a full accounting of the Penney Trust and Gray Trust. JPM allegedly failed to make a full disclosure in response to the demand letter. JPM filed a petition to withdraw as Trustee of the Penney Trust in the State of New York. Shortly thereafter, Adams sent Plaintiffs a letter disclosing that JPM had charged, and failed to previously disclose, the $188,245.72 in additional fees.

Plaintiffs filed suit against JPM in the 95th Judicial District Court of Dallas County, Texas. *See* Notice of Removal Ex. C-2 [1-6] ("First Am. Pet."). Plaintiffs brought claims against JPM for breach of fiduciary duties owed to the beneficiaries of the Penney Trust. Plaintiffs amended their complaint to bring an additional claim against Adams for aiding and abetting JPM's breach of fiduciary duty. JPM removed this action under 29 U.S.C. § 1441, contending that Plaintiffs improperly joined in-state defendant Adams. *See* Notice of Removal 2 [1]. Plaintiffs now seeks to remand the case back to state court.

## II. STANDARD FOR IMPROPER JOINDER

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is

the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. 28 U.S.C. § 1441(b). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

A federal court has no subject-matter jurisdiction over a diversity case unless the litigants are "citizens of different states." 28 U.S.C. § 1332. The United States Supreme Court has "construed [28 U.S.C. § 1332's] diversity provision to require complete diversity of citizenship. . . . [T]hus [28 U.S.C. § 1332] applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."). A federal court must remand a case if, at any time before final judgment, it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). Thus, removal from state court is inappropriate when the federal court does not have subject-matter jurisdiction.

The improper joinder doctrine allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop.*

*& Cas. Ins. Co.*, 2013 WL 1290225, at \*2 (S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). To establish improper joinder, Defendants "must demonstrate 'that there is no possibility of recovery by [Plaintiffs] against [Adams] . . . .'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199–200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). Courts conduct a Rule 12(b)(6)-type analysis to determine whether a plaintiff has a reasonable basis of recovery. *Id.* This analysis "necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)." *Id.* (emphasis in original). To survive a Rule 12(b)(6) analysis, "[a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)).

### III. THE COURT GRANTS THE MOTION TO REMAND

Plaintiffs have a possibility of recovery against Adams. The parties dispute whether there can be a cause of action against an employee for aiding and abetting a breach of fiduciary duty within the course and scope of employment. Plaintiffs claim that "a corporate officer may be held individually liable for a corporation's tortious conduct if he knowingly participates in the conduct or has knowledge of the tortious conduct, either actual or constructive . . . . Instigating, aiding, or abetting the wrongdoing constitutes participation." *Portlock v. Perry*, 852 S.W.2d 578, 582 (Tex.App. – Dallas 1993, writ denied). Plaintiffs argue that this general formulation of aiding and abetting a tort applies with equal force to the tort of breach of fiduciary duty.

Defendants claim that Texas law does not permit a claim for aiding and abetting a breach of fiduciary duty against a corporate employee, except in narrow circumstances. Defendants argue that a claim for aiding and abetting here is equivalent to a claim for civil conspiracy. Under Texas law, a corporation can conspire with its employees and agents only under limited circumstances. *See Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995) ("As a general rule, the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts."); *see also Crouch v. Trinque*, 262 S.W.3d 417, 427 (Tex. App.–Eastland 2008, no pet.) ("Employees or agents of a principal acting within the course and scope of their employment or agency relationship cannot enter into a conspiracy with each other so long as they are not acting outside their capacity as an employee or agent or are not acting for a personal purpose of their own . . . ."). Because Plaintiffs do not allege anything that would fall into those limited circumstances, Defendants argue, Plaintiffs also fail to state a claim for aiding and abetting breach of fiduciary duty.

The Court need not finally decide the question of whether there can be a cause of action against an employee for aiding and abetting a breach of fiduciary duty within the course and scope of employment. It is sufficient for the Court now merely to determine that Texas law is ambiguous. "[A]ny ambiguities of state law must be resolved in [Plaintiffs'] favor" in deciding a motion to remand. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). In the absence of controlling Texas authority, the Court finds both sides' arguments are plausible, and must thus resolve this ambiguity of state law in Plaintiffs' favor for purposes of this motion. The Court thus moves forward with an improper joinder analysis.

The parties dispute the standard for a claim of aiding and abetting a breach of fiduciary duty. To establish a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must allege "(1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007). Defendants, however, contend that the third element requires both (1) knowledge or awareness that the primary tortfeasor was breaching a fiduciary duty, and (2) substantial assistance. Defendants cite two cases for this proposition. However, *Helena Chem. Co. v. Texell Fed. Credit Union* discussed aiding and abetting generally, which is a separate tort from aiding and abetting a breach of fiduciary duty. 2006 WL 5266765, at *6 (W.D. Tex. 2006). Defendants' second case, *ASARCO LLC v. Ams. Mining Corp.*, discussed aiding and abetting a breach of fiduciary duty under New Jersey law. 396 B.R. 278, 412 (S.D. Tex. 2008). To the extent there is an ambiguity in the law, the Court resolves it in favor of Plaintiffs.

Plaintiffs have alleged the existence of a fiduciary relationship. *See, e.g.*, First Am. Pet. ¶ 36 ("When JPM became Trustee of the Penney Trust, it assumed the role of a fiduciary and was immediately obligated to uphold certain duties . . . ."). Plaintiffs have also alleged that Adams knew of the fiduciary relationship. *See id.* ¶ 94 ("As the Trust Officer in charge of administering the Penney Trust, Adams had knowledge of the fiduciary relationship between JPM and the beneficiaries of the Penney Trust and had knowledge that JPM's conduct constituted breaches of its fiduciary duties to Plaintiffs."). Plaintiffs allege that

Adams participated in, at least, JPM's breach of the duty of disclosure by affirmatively failing to disclose information to Plaintiff, failing to respond to requests for disclosure of JPM's investment strategy and compensation, giving Plaintiffs false information regarding the amount of administrative fees charged to the Penney Trust, and providing responses designed to mislead Plaintiffs. *See id.* ¶¶ 69, 85 (alleging that Adams misleadingly provided a breakdown of account administrative fees that did not include all fees and revenue, and that Adams sent a letter to Plaintiffs disclosing that JPM improperly charged the Penney Trust $188,245.72 in fees). Plaintiffs allege that Adams intended to assist JPM in committing its breaches of the fiduciary duty of disclosure. *See id.* ¶ 94. Taking Plaintiffs' allegations as true, the Court concludes that Plaintiffs have a possibility of recovery for aiding and abetting a breach of fiduciary duty.

## IV. THE COURT DENIES THE REQUEST FOR FEES AND COSTS

Plaintiffs seek an award of attorneys' fees and court costs associated with the removal of this action. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiffs are not entitled to an automatic award of attorneys' fees upon a successful motion to remand. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012). "Rather, a court may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Id.* at 542 (internal quotation marks and citation omitted). Although Defendants' basis for removal ultimately

proved defective, it was not objectively unreasonable.  The Court, in its discretion, declines to award attorneys' fees and court costs.

## CONCLUSION

The Court grants the motion and remands this suit to the 95th Judicial District Court of Dallas County, Texas.  The Court denies Plaintiffs' request for attorneys' fees and court costs.

Signed August 10, 2017.

_____
David C. Godbey
United States District Judge